THIS OPINION IS A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

**Brown**

Mailed: November 13, 2008

Opposition No. 91184239
Opposition No. 91184245

Schott AG

v.

L'Wren Scott

**Before Seeherman, Rogers and Taylor, Administrative Trademark Judges.**

**By the Board:**

These proceedings now come before the Board for consideration of 1) applicant's motions (both filed June 30, 2008) to dismiss Opposition Nos. 91184239 and 91184245 for opposer's failure to comply with the service requirements of Trademark Rule 2.101; 2) opposer's related cross-motions (both filed July 15, 2008) to amend its notices of opposition in the involved proceedings; and 3) applicant's motion to consolidate proceedings.[1]

---

[1] Opposition Nos. 91184239 and 91184245 have not been formally consolidated.  Nevertheless, since the parties are the same and the issues currently before the Board are identical in both cases, the Board has decided to issue this single order in both Opposition Nos. 91184239 and 91184245.

By way of background, the marks in application Serial Nos. 78935193 and 78899698 were published for opposition on April 15, 2008. Shortly thereafter, requests for extensions of time to oppose those applications were timely filed and approved. As extended, the last day of the opposition period for both applications was June 14, 2008. On May 14, 2008 and May 21, 2008, opposer filed, via first class mail, notices of opposition against the respective applications along with the requisite fees. Proceedings were subsequently instituted as Opposition Nos. 91184239 and 91184245.

For the reasons set forth below, applicant's motions to dismiss the respective oppositions for opposer's failure to comply with the service requirements of Trademark Rule 2.101 are hereby granted, and both oppositions are dismissed as a nullity. Accordingly, applicant's motion to consolidate and opposer's cross-motions to amend its two notices of opposition are moot.

Turning then to applicant's motions to dismiss, applicant asserts that opposer did not comply with the service requirements detailed in Trademark Rules 2.101(a) and 2.101(d)(4) when the notices of opposition were filed with the Board. Accordingly, applicant contends that the oppositions should be dismissed.

Opposition No. 91184239 and 91184245

Amended Trademark Rule 2.101(a), effective November 1, 2007, states that a notice of opposition "*must* include proof of service on the applicant, or her attorney or domestic representative of record, at the correspondence address of record in the Office, as detailed in §§ 2.101(b) and 2.119" (emphasis added).[2]  However, neither notice of opposition contains a proof of service.  Moreover, counsel for applicant, Mr. Lewis F. Gould, stated in a declaration attached to applicant's motion to dismiss that he "did not receive a copy" of either notice of opposition and was "personally aware of no attempts by [o]pposer to effect service of process on me or our firm, Duane Morris LLP."

---

[2] The USPTO published a notice of final rulemaking in the Federal Register on August 1, 2007, at 72 Fed. Reg. 42242.  By this notice, various rules governing Trademark Trial and Appeal Board inter partes proceedings were amended.  Certain amendments had an effective date of August 31, 2007, while most had an effective date of November 1, 2007.  Prior to November 1, 2007, an opposer was not required to serve its notice of opposition upon its adversary.  Instead, until that effective date, the opposer was able, under Trademark Rule 2.104(a), to simply file its notice of opposition, and any exhibits thereto, in duplicate form with the Board.  Upon receipt, the Board would then forward the duplicate or service copy of the notice of opposition, and any exhibits thereto, directly to the applicant along with an order instituting proceedings.

The final rule and a chart summarizing the affected rules, their changes, and effective dates, are viewable on the USPTO website at these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_FinalRuleChart.pdf

Further, opposer does not dispute the absence of a proof of service certificate or its failure to actually forward a service copy of either notice of opposition upon filing, and therefore has conceded that it did not comply with the service requirements for proceedings commenced on or after November 1, 2007. Thus, because the rules now require that the opposer include a proof of service certificate with the notice of opposition[3] and that opposer serve the notice of opposition by forwarding a copy thereof to the applicant, opposer has clearly failed to satisfy the service requirements in both cases. *See Springfield Inc. v. XD*, 86 USPQ2d 1063 (TTAB 2008).

In its responses to the motions to dismiss, opposer relies on comments made in the Notice of Final Rulemaking, and argues that the primary purpose of the recently adopted service requirements is to "assist the parties in

---

[3] In this case, opposer filed its two notices of opposition by mail. Thus, its only opportunity to provide the requisite proof of service at the time of filing was to include certification of service with the notices of opposition. We point out that if a plaintiff files its complaint through the Board's ESTTA online filing system, it cannot complete the process unless it confirms that it has forwarded a service copy of its complaint to all parties at their addresses of record. Such confirmation then appears on the ESTTA generated filing form for the attached complaint, and the filing form is considered part of the plaintiff's initial pleading. Therefore, any plaintiff who files through ESTTA is viewed by the Board as having included proof of service with its pleading. Actual forwarding of the service copy, however, is the responsibility of the filer, as the ESTTA system does not effect service for the filer.

settlement discussions, not to prevent timely filed oppositions" (Response, p. 1).  Opposer also argues that under the typically liberal application of Fed. R. Civ. P. 15, opposer should be afforded an opportunity to amend its notices of opposition in order to properly serve applicant.

While the Board recognizes the importance of early settlement negotiations between parties, and while early initiation of settlement talks is promoted by the entire package of amended rules, the purpose behind the particular amendment that shifted to plaintiffs the responsibility to send copies of their complaints to defendants was to foster efficient commencement of proceedings.  For example, by requiring service of a notice of opposition or petition to cancel directly on a defendant, the Board determined that proceedings were likely to begin more efficiently, because parties often are already in direct communication with one another prior to a plaintiff's filing of a complaint with the Board.  Indeed, the comments opposer cites to in its responsive brief and cross-motion to amend, in their entirety, read as follows (emphasis added):

> Under the practice envisioned by the proposed rules, the **initiation of a Board proceeding would become more efficient, because a plaintiff would be able to serve its copies directly on defendants. Use of a direct service approach** recognizes that plaintiffs and defendants often are in

contact prior to a plaintiff's filing of its complaint or claim, and also recognizes that continuation of such direct communication **is vital both for promoting settlement of claims and for ensuring cooperation and procedural efficiency in the early stages of a proceeding**.

The efficient commencement of a proceeding can facilitate early settlement discussions because the defendant will immediately know more about the claims which need to be settled. Nonetheless, the primary purpose of the amended service rules was increased efficiency, particularly in an era when many Board proceedings filed through the ESTTA system can be instituted automatically by the ESTTA system.

Further, the Notice of Final Rulemaking, in addition to its publication in the Federal Register and the Official Gazette of the U.S. Patent and Trademark Office, has been posted on the USPTO web site since August 2007, i.e., nine months prior to opposer's filing of its notices of opposition. Opposer's appeals to equity and policy cannot substitute for failure to comply with a clear rule, applicable to all opposers for many months prior to the filing of the involved notices of opposition.

Opposer also seeks to cure its failure to comply with the rule for service of notices of opposition by attempting to amend its notices of opposition to include "proof of

service" and to actually serve the amended notices. Opposer relies on the fact that no answers have been served in the oppositions to assert that it is entitled to amend its notices of opposition as a matter of right. *See* Fed. R. Civ. P. 15. However, opposer cannot, by filing amended notices, cure its failure to properly serve the original notices of opposition. A notice of opposition can be amended as of right only if the original notice of opposition was proper. Because the original notices of opposition did not include proof of service and were not properly served in a timely manner, each of the oppositions must be dismissed as a nullity. There are, therefore, no operative notices of opposition to amend. Moreover, the amended notices of opposition cannot be used as a substitute for the original notices of opposition because, while they bear proof of service, the amended notices of opposition were not filed within the opposition period, as extended.

Since neither of the oppositions filed by opposer should have been instituted, applicant's motions to dismiss for failure of opposer to comply with the service requirements are granted and each of the oppositions is hereby dismissed as a nullity. Furthermore, as previously indicated, opposer's motions to amend its notices of

Opposition No. 91184239 and 91184245

opposition, and applicant's motion to consolidate are denied as moot.

Application Serial Nos. 78899698 and 78935193 will be forwarded for issuance of notices of allowance in due course, and opposer's filing fee will be refunded.[4]

---

[4] Opposer is not without recourse, as it may file a petition to cancel if and when the marks in the involved applications register. *See* Section 14 of the Trademark Act, 15 U.S.C. § 1064.

8